# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: B.L., G.W., and I.W.**

**No. 14-0660 (Wood County 14-JA-30, 12-JA-172, 12-JA-173)**

**and**

**In Re: N.K. and K.K.**

**No. 14-0714 (Wood County 12-JA-142, 12-JA-143)**

**FILED**

**June 10, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

In these two abuse and neglect cases, we issued a Rule to Show Cause against guardian ad litem Courtney Ahlborn to explain why she should not be held in contempt and denied eligibility for future appointments after failing to comply with the scheduling orders mandated by this Court. After considering the imposition of sanctions due to the untimely and poor quality of filings by Ms. Ahlborn and reviewing her responses to the Show Cause Order, we decide not to find Ms. Ahlborn in contempt. Therefore, Ms. Ahlborn will not be denied eligibility for future guardian ad litem appointments. Upon consideration of the standard of review, we find no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Case No. 14-0660

This appeal involved an order entered by the Circuit Court of Wood County terminating the petitioner Mother's parental, custodial, and guardianship rights of her one-year-old, eight-year-old, and ten-year-old children. This Court entered a scheduling order on July 15, 2014. After the appeal was perfected on September 19, 2014, an amended scheduling order was issued directing that the respondents' briefs be filed on or before October 20, 2014. On October 22, 2014, a second amended scheduling order was entered because the guardian ad litem's brief had not been filed. The amended scheduling order directed that the guardian ad litem's brief be filed on or before October 27, 2014, and reminded counsel that failure to file the brief could result in sanctions being imposed. Ms. Ahlborn again failed to file the guardian ad litem's brief. Consequently, a Notice of Intent to Sanction was entered on October 31, 2014, directing that the brief be filed on or before November 6, 2014. On November 6, 2014, Ahlborn filed a four-page summary response by facsimile.

<u>Case No. 14-0714</u>

This appeal involved an order entered by the Circuit Court of Wood County terminating the petitioner Mother's parental, custodial, and guardianship rights of her four-year-old, and seven-year-old children. This Court entered a scheduling order on August 4, 2014, and the appeal was perfected on September 5, 2014. On October 22, 2014, an amended scheduling order was entered because the guardian ad litem's brief had not been filed. The amended scheduling order directed that the guardian ad litem's brief be filed on or before October 27, 2014, and reminded counsel that failure to file the brief could result in sanctions being imposed. Ms. Ahlborn failed to file the guardian ad litem's brief, and a Notice of Intent to Sanction was entered on October 31, 2014, directing that the brief be filed on or before November 6, 2014. On November 6, 2014, Ms. Ahlborn filed by facsimile a four-page summary response.

On November 18, 2014, this Court, on its own motion, proceeded to review and consider the imposition of sanctions due to the untimely and poor quality of filings by Ms. Ahlborn in the instant abuse and neglect cases. In response to this Court's order issuing a rule to show cause in contempt, Ms. Ahlborn filed an initial response brief on December 12, 2014, and two supplemental response briefs on January 12, 2015. Ms. Ahlborn avows that she has been experiencing medical issues over the past few months that interfered with her duties.[1] She also contends that when the second amended scheduling orders were entered in these cases, she was vigorously defending a client in a felony malicious assault case in which her client was ultimately acquitted. She believed she over-focused on this felony work, thereby causing her to neglect her duties with these appeals. She readily expresses remorse for this lack of focus.

Ms. Ahlborn asserts that she takes seriously each of her appointments as a guardian ad litem. She emphasizes that being a guardian to children is one of the most fulfilling parts of her being an attorney, and she apologizes for having filed poor quality briefs in an untimely fashion herein. Ms. Ahlborn contends that if the brevity or form of her summary responses is unacceptable, she will submit additional information to any future submissions to the Court. She also claims that her problems herein are not a true reflection of her ability as a guardian ad litem. Instead, she asserts that her active participation in the underlying cases is what best reflects her abilities. She argues that she routinely attends interviews, meets with her clients at school and in their foster homes, meets with their therapists, and assists with removal when necessary. In addition to these arguments, Ms. Ahlborn attached letters from Margaret Burdette, CASA Director; Stacy

_____

[1] Ms. Ahlborn provided a doctor's excuse indicating that she was to undergo surgery on December 12, 2014, the same day as her deadline to respond to the Court's rule to show cause.

Smith, M.A., L.S.W., with the Department of Health and Human Resources; and Shelly Villers, M.A., L.P.C., a therapist who provides therapeutic services to children suffering from the trauma of abuse and neglect. These letters collectively reflect that Ms. Ahlborn is very effective and attentive in representing children involved in abuse and neglect cases and that her briefing issues before us do not reflect her overall competency as a guardian ad litem.

Having reviewed Ms. Ahlborn's responses to the Rule to Show Cause order issued by this Court and having heard her oral argument in this matter, we find that she has provided sufficient medical reasons to excuse her conduct in the instant cases. As such, we have determined that Ms. Ahlborn shall not be denied her eligibility for future guardian ad litem appointments. In so holding, however, we urge Ms. Ahlborn to seriously reflect upon her failings herein and we expect that Ms. Ahlborn will, hereafter, fully comply with this Court's orders and procedures in the future.

The Court continues to observe an increasing pattern of inadequate and untimely filings made by guardians ad litem in abuse and neglect appeals. Although we decline to hold Ms. Ahlborn in contempt in the instant cases, we wish to re-emphasize how vitally important it is for guardians ad litem to comply with Rule 11(h) of the Rules of Appellate Procedure and this Court's orders in a timely fashion so that abuse and neglect appeals can be promptly and efficiently resolved. Guardians ad litem must submit a response brief or summary response that specifically responds to each of the assignments of error raised on appeal. Also, if the appendix lacks documents from the record that are essential for the Court's review of the case, it is the guardian ad litem's obligation to file a motion to supplement the appendix to ensure that the necessary parts of the record below are included on appeal.

Based on the foregoing, we decline to enter extraordinary sanctions.

No Sanctions Imposed.
Rule to Show Cause Dismissed.

ISSUED:     June 10, 2015

CONCURRED IN BY:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II